UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL NORRIS,　　　　　　　　　　　　　Case No. 1:13-cv-48

　　　　Plaintiff,　　　　　　　　　　　　　　　Spiegel, J.
　　　　　　　　　　　　　　　　　　　　　　　Bowman, M.J.
　　v.

ARIFF MEHTER, et al.

　　　　Defendants.

**AMENDED REPORT AND RECOMMENDATION**

On February 7, 2013, Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this employment discrimination case against three individuals, based upon alleged age, disability, and race discrimination. Pursuant to local practice, the case has been referred to the undersigned magistrate judge for disposition of all pretrial matters, including the filing of a Report and Recommendation ("R&R") on any dispositive motions. *See* 28 U.S.C. §636(b).

On June 11, 2013, the undersigned filed an R&R recommending that the Court grant two motions by the individual Defendants to dismiss all claims, pursuant to Rule 12(b)(1) and 12(b)(6). (Docs. 6, 7, 12). No timely objections were filed to that R&R. However, on June 20, now proceeding through counsel, Plaintiff filed a motion seeking to amend his complaint to add as a new party the City of Cincinnati. (Doc. 13). No opposition to that motion was heard,[1] and the undersigned has granted the motion by separate order filed herewith. Based on the addition of the City as a new and properly

---

[1] Although the City Solicitor has previously appeared on behalf of two of the individual Defendants, ordinarily leave to amend is freely given, and the grounds stated for amendment appear to be meritorious.

named Defendant, it is no longer appropriate to recommend the dismissal of this case in its entirety. Therefore, this Amended Report and Recommendation replaces the previously filed R&R dated June 11, 2013. Except as modified by the incorporation of the City as a new Defendant, this Amended R&R contains the same recommendation as contained in the prior R&R (Doc. 12), that all claims against the three individual Defendants be dismissed.

### I. Background

Plaintiff's complaint identifies Anita Callahan, Ariff Mehter, and Pete McLinden as Defendants. As a *pro se* litigant, Plaintiff completed a complaint form supplied by the Court for use in employment litigation suits. A portion of the form asks for a narrative response, asking the litigant to provide a brief statement of the facts of his or her case, including a description of how each defendant is involved, the names of other persons involved, and relevant dates and places. (Doc. 3 at 2). The entirety of the narrative portion of Plaintiff's claim consists of the following: "racial discrimination disabilities, age discriminations." (Doc. 3 at 2). Plaintiff also attached to his complaint a copy of his EEOC Notice, dated October 22, 2012, notifying him of his right to sue "the respondent(s)" within 90 days. (Doc. 3 at 4-5).

On April 4, 2013, two of the three individual Defendants, Ariff Mehter and Anita Callahan, filed a motion to dismiss, along with a memorandum in support and a copy of Plaintiff's administrative discrimination charge. (Doc. 6). The latter exhibit identifies Plaintiff's employer as "City of Cincinnati, Public Works, Sanitation Department." (Doc. 6-1). Defendants' memorandum argues that Plaintiff's claim fails to include facts sufficient to state a plausible claim, in violation of the *Iqbal/Twombly* standard. In

2

addition, because Plaintiff's prior discrimination charge identifies the City of Cincinnati as Plaintiff's employer and did not name any of the three individuals as a respondent, Defendants argue that this Court lacks jurisdiction to review any claims against the individuals.

On April 10, 2013, Defendant Pete McLinden, through separate counsel, filed a second motion to dismiss, identifying the same two grounds for dismissal contained in the motion of Defendants Mehter and Callahan.  As additional bases for dismissal, Defendant McLinden argues that Plaintiff's failure to name him as a respondent in the prior administrative proceedings amounts to incomplete administrative exhaustion, and also deprives this Court of personal jurisdiction over him.  Last, Defendant McLinden claims immunity from suit as Plaintiff's union representative.

Shortly after Defendants filed their two motions to dismiss, on April 19, 2013, Plaintiff obtained counsel.  Through new counsel, Plaintiff promptly moved for and was granted an extension of time in which to respond to the first motion filed by Defendants Mehter and Callahan.  (Docs. 9, 10).   Plaintiff sought no similar extension of time to respond to Defendant McLinden's motion.

On May 10, 2013, Plaintiff filed a two-sentence response to the motion filed by Defendants Mehter and Callahan, stating:

> [T]here is no opposition to the dismissal of …Ariff Mehter and Anita Callahan.
>
> Plaintiff's EEO and OCRC actions were against the City of Cincinnati and Plaintiff has named City of Cincinnati as a Defendant, therefore the Defendants [sic] subject of the instant motion to dismiss are not necessary as parties to the action.

3

(Doc. 11). Contrary to the response, prior to June 20, 2013, the record contains no evidence that the City of Cincinnati has ever been named as a Defendant in this Court. Only after the recommended dismissal of all claims did Plaintiff finally move to amend his complaint to add the City as a properly named Defendant. Plaintiff did not file any timely response to Defendant McLinden's motion. *See* S.D. Ohio Civ. R. 7.2(a)(2)(providing that a memorandum in opposition "shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion.").

## II.   Analysis

### A.  Standard of Review under Rule 12(b)(1) and 12(b)(6)

A plaintiff bears the burden of proving jurisdiction in order to survive a motion to dismiss on grounds of lack of subject matter jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in [his] complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols*, 318 F.3d at 677 (citing *Jones v. City of Lakeland*, 175 F.3d 410, 413 (6th Cir. 1999)).

A court may consider exhibits attached to the complaint in deciding a motion to dismiss under certain circumstances. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)). While a court generally may not consider matters outside of the pleadings when ruling on a 12(b)(6)

4

motion without converting it into a Rule 56 motion for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

Although Plaintiff did not specifically respond to Defendant McLinden's motion, to the extent that both motions present the same grounds for dismissal, Plaintiff's response to the motion of Defendants Mehter and Callahan is considered as to Defendant McLinden.

### B. Defendants' Arguments for Dismissal

#### 1. Improperly Named Defendants

As set forth above, the *pro se* complaint is exceedingly brief, but is reasonably construed as alleging that the Defendants discriminated against Plaintiff during the course of his employment based upon Plaintiff's race, disability, and age. Plaintiff did not attach his original charge of discrimination to the complaint filed in this Court, but Defendants have attached a copy of that document as an exhibit to their motion to dismiss. (Doc. 6-1).

Plaintiff's original charge of discrimination, filed with the Ohio Civil Rights Commission (OCRC), clearly identifies his employer as the "City of Cincinnati, Public Works, Sanitation Department." None of the three individuals named in the complaint filed in this Court were previously identified by Plaintiff as respondents in his prior OCRC or EEOC proceedings. Only Defendant Callahan is even referenced in the allegations contained in the body of the OCRC charge. Plaintiff's counsel has

5

acknowledged that he has "no opposition to the dismissal of Defendants' [sic] Ariff Mehter and Anita Callahan." (Doc. 11). For the same reason, Defendant McLinden is clearly entitled to dismissal. Counsel's originally mistaken belief that "Plaintiff has named the City of Cincinnati as a Defendant" does not alter the conclusion that all three individual Defendants are entitled to dismissal with prejudice of the claims against them, because none of the three are Plaintiff's employer or a respondent to the prior charge. *See generally*, 42 U.S.C. §2000e-5(f)(1)(authorizing suit only "against the respondent named in the charge" of unlawful employment practice).

Although the Defendants argue in part that the Plaintiff's failure to file an administrative charge against them deprives this Court of subject matter jurisdiction, the requirement that a plaintiff administratively exhaust his remedies prior to filing suit in federal court is probably better understood as a statutory prerequisite than a jurisdictional one. *See Allen v. Highlands Hosp. Corp.,* 545 F.3d 387 (6th Cir. 2008); *Arbaugh v. Y&H Corp.*, 545 U.S. 500 (2006)(distinguishing elements of a Title VII claim for relief from the issue of subject matter jurisdiction). Nevertheless, the practical result is the same, to the extent that Defendants are entitled to dismissal because they were not named in Plaintiff's prior charge, and were not Plaintiff's "employer."

### 2. Failure to Satisfy *Iqbal/Twombly* Standard

Both motions to dismiss additionally argue that Plaintiff's complaint should be dismissed because it contains no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," in violation of the *Iqbal/Twombly* plausibility standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint does not need to contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff has included no factual allegations whatsoever in the complaint filed in this Court. In light of the fact that Plaintiff elected not to respond to this argument and has failed to seek to amend his complaint despite representation by counsel, the undersigned agrees that Plaintiff's complaint alternatively should be dismissed for failure to state a claim.

### 3. Additional Grounds for Dismissal of Defendant McLinden

Defendant McLinden identifies himself as Plaintiff's union representative. As referenced above, his motion presents several additional grounds for dismissal that are not contained in the motion filed by Defendants Mehter or Callahan. Although the additional arguments propounded by Defendant McLinden appear to be meritorious, they are also superfluous given the previously discussed reasons for dismissal.

### III. Conclusion

For the reasons stated, **IT IS RECOMMENDED THAT:**

1. The Report and Recommendation previously filed on June 11, 2013 (Doc. 12) should be denied as replaced by this Amended Report and Recommendation;

2. Defendants' motions to dismiss (Docs. 6, 7) should be **GRANTED**, with all claims brought against Defendants Ariff Mehter, Anita Callahan, and Pete McLinden **DISMISSED WITH PREJUDICE;**

3. Despite the recommended dismissal of all claims against the three individual Defendants, this case should remain open until **August 15, 2013** in order to permit Plaintiff to file an Amended Complaint naming the City of Cincinnati as his employer, to the extent that additional factual allegations in the proposed Amended Complaint may state a claim against that employer.

                                          /s Stephanie K. Bowman
                                          Stephanie K. Bowman
                                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL NORRIS,  Case No. 1:13-cv-48

    Plaintiff,  Spiegel, J.
                                     Bowman, M.J.

    v.

ARIFF MEHTER, et al.

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).